# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON VALES, | CASE NO. 1:09-cv-02075-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION |
| v. | |
| D. TARNOFF, et al., | |
| Defendants. | |

Plaintiff Clinton Vales ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to jurisdiction by a U.S. Magistrate Judge. (Doc. #7.)

On July 19, 2010, Plaintiff was ordered to show cause why this action should not be dismissed for Plaintiff's failure to inform the Court of a change in his address. (Doc. #9.) The Court issued the order to show cause after the Court attempted to mail Plaintiff an order that was returned as undeliverable. Plaintiff has failed to respond to the Court's order to show cause and has not otherwise taken any action to litigate this lawsuit.[1]

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Further, Local Rule 183(b)

---

[1] The order to show cause was also returned to the Court as undeliverable. On August 11, 2010, the Court attempted to mail the order to Pleasant Valley State Prison based on the address used by Plaintiff in another lawsuit in this district. Although the mail sent to Pleasant Valley State Prison was not returned as undeliverable, Plaintiff has not responded to the order to show cause and has not submitted a notice of change of address.

states that:

> [a] party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with the local rules. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at 130; Henderson, 779 F.2d at 1423-24; Thompson, 782 F.2d at 831.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff has caused undue delay in the prosecution of this lawsuit by failing to respond to the Court's order to show cause. The fourth factor, public policy favoring

disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, a Court's warning to a party that the failure to obey a Court order will result in dismissal satisfies the "consideration of less drastic alternatives" requirement. <u>Ferdik</u>, 963 F.2d at 1262; <u>Malone</u>, 833 F.2d at 132-33; <u>Henderson</u>, 779 F.2d at 1424. The Court's July 19, 2010 order to show cause warned Plaintiff that the failure to show cause may result in dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed for Plaintiff's failure to prosecute, failure to obey a court order, and failure to keep the Court apprised of his current address.

IT IS SO ORDERED.

**Dated:   September 27, 2010**          /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE